IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \| | CRIMINAL CASE NUMBER: |
| v. | \| | 1:19-CR-00196-MLB-JSA |
| DARRYL MAURICE BAKER, | \| | |

## REPORT AND RECOMMENDATION

Defendant has been charged in a one-count Indictment with communicating a threat in interstate commerce, in violation of Title 18, United States Code, Section 875(c). After a telephonic hearing on motion to relieve counsel [49], during which the undersigned expressed concern as to the Defendant's somewhat disorganized and difficult to decipher statements, and because the Court understood that Defendant had a history of mental illness, the Court *sua sponte* determined that good cause existed to determine whether the Defendant was competent to stand trial [52]. The Defendant has now been evaluated by a forensic psychologist, Dr. Adriana Flores, Ph.D., who opines that Defendant is competent to stand trial. After a competency hearing on November 2, 2020, the Court agrees

1

with Dr. Flores's conclusion and **RECOMMENDS** that Defendant be found to be **COMPETENT** to proceed in this matter.

I.   FACTS

At the competency hearing, the parties stipulated to the admission of Dr. Flores's letter statement summarizing her opinions in lieu of any testimony, and the Defendant waived Dr. Flores's appearance and any cross-examination. The Defendant also made a statement to the Court, in which he stated that he believed he was competent to stand trial. No other evidence was offered and no party contested the conclusion that Defendant is competent.

Dr. Flores stated that she evaluated Defendant for purposes of assessing his competency for approximately three hours, by way of video-conferencing because of the ongoing COVID-19 pandemic. She also had the benefit of several hours of a prior evaluation of Defendant in 2018 for purposes of assessing his dangerousness. Dr. Flores attested to Defendant's mental health diagnosis but opined to a reasonable degree of medical certainty that he has factual and rational

understanding of the proceedings and the severity of the case, and he is able to assist his lawyer with his own defense.[1]

## DISCUSSION

Title 18, U.S.C. § 4241, et seq., guides the assessment of a defendant's competency in federal criminal proceedings.  Section 4241(d) provides that the Court shall find the Defendant to be incompetent "[i]f, after the [competency] hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. . . ." 18 U.S.C. § 4241(d).  The test is "whether [the defendant] has sufficient present ability to consult with this lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him."  *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam) (construing § 4241's predecessor, 18 U.S.C. § 4244 (1958)).

---

[1] Because of the medical diagnosis set forth therein, which is unnecessary to reveal for the public record, the Court merely provides a general summary of Dr. Flores's letter in this Report and Recommendation.  The Court **DIRECTS** the Clerk to file the summary letter from Dr. Flores as a Court exhibit to this Report and Recommendation, under seal with access granted to Court personnel and case participants.

The Court accepts and credits the statement from Dr. Flores, which has been stipulated to by the parties and entered into evidence. The parties have offered no contrary evidence and no counsel or party disputes the conclusion offered by Dr. Flores as to competency. Defendant himself made a statement to the Court, in which he also expressed a belief as to his competency. Defendant's statements displayed an understanding of the case and the nature of the proceeding. The Court therefore recommends that the Defendant be found competent to stand trial.[2]

## CONCLUSION

For the reasons stated above, I **RECOMMEND** that Defendant be declared **COMPETENT TO STAND TRIAL**. Because there is nothing else currently pending before the undersigned, the matter is also **READY FOR TRIAL**.

**IT IS SO RECOMMENDED** this 3rd day of November, 2020.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court had previously denied Defendant's Motion to Withdraw Counsel [47] without prejudice because of the question of Defendant's competency. At the conclusion of the competency hearing the Court reminded Defendant that he could re-file such a motion in light of the Court's finding of competency, but the Court indicated that it would strongly recommend against self-representation if that were the Defendant's choice. The Defendant did not seek to re-visit the issue of representation at the competency hearing.