IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

United States of America,

v.  Case No. 1:19-cr-196-MLB

Darryl Maurice Baker,

       Defendant.

_____/

# ORDER

Magistrate Judge Justin Anand recommends a determination Defendant Darryl Baker is competent to state trial. (Dkt. 57.) Neither Defendant Baker nor the United States filed any objections. The Court adopts the Magistrate Judge's recommendation.

## I.  Background

In February 2018, a federal grand jury indicted Defendant Baker with one count of communicating a threat in interstate commerce, in violation of Title 18, United States Code, Section 875(c). After a telephonic hearing during which Defendant Baker seemed disoriented, Magistrate Judge Anand ordered a competency examination. (Dkt. 52.) Forensic Psychologist Adriana Flores conducted that examination and

opined that Defendant Baker is, in fact, competent to stand trial. Magistrate Judge Anand held a competency hearing at which the parties stipulated to the admission of a letter from Dr. Flores summarizing her opinion in lieu of testimony. Defendant Baker also stated to the Court that he believes himself competent to stand trial. No other evidence was admitted, and no one challenged Dr. Flores's conclusion. Magistrate Judge Anand thus determined Defendant Baker is competent.

## II.  Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district judge should "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). For those findings and recommendations to which a party has

not asserted objections, the court must conduct a plain error review of the record. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

Parties filing objections to a magistrate judge's R&R must specifically identify those findings to which they object. *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id.*

### III. Discussion

The assessment of a defendant's competency in federal criminal proceedings is guided by Title 18, United States Code, Section 4241 et seq. Section 4241(d) provides that the Court shall find a defendant to be incompetent "[i]f, after the [competency] hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense . . . ." 18 U.S.C. § 4241(d). The test is "whether [the defendant] has sufficient present ability to consult with this lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*,

362 U.S. 402, 402 (1960) (per curiam) (construing § 4241's predecessor, 18 U.S.C. § 4244 (1958)).

Dr. Flores provided a written report explaining that she conducted a three-hour competency evaluation of Defendant Baker by video. She wrote that she was already "well acquainted" with Defendant Baker from having evaluated him in 2018 as part of a danger assessment. (Dkt. 57-1 at 1.) She opined that "his anger and frustration is consistent with personality issues, and not due to mental illness," that "[t]here is no evidence of psychotic beliefs such as paranoid or grandiose delusions," and that "[h]is thought process was consistently linear and goal-directed." (*Id*.) She further explained that Defendant Baker has a "factual and rational understanding of his charge" and the plea-bargaining process, and that "he has the verbal skills and cognitive abilities" to assist his attorney in the criminal proceeding. (*Id*. at 1–2.) As a result of her evaluation, she offered the opinion "within a reasonable degree of psychological certainty that [Defendant] Baker is competent to stand trial." (*Id*. at 1.)

No party filed any objections to her conclusion. Defendant Baker also stated he believes himself competent. While not controlling, it

obviously helps. And, Magistrate Judge Anand (who first raised concerns about Defendant's mental state) no longer has those concerns. Having reviewed the record (indeed having done so de novo even though not required), the Court adopts Magistrate Judge Anand's conclusion that Defendant Baker is competent to stand trial in this matter.

### IV.  Conclusion

The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. 57). The Court finds that Defendant Darryl Baker is **COMPETENT TO STAND TRIAL**.

**SO ORDERED** this 6th day of January, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE